UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION



| | | |
|---|---|---|
| ELAN CORPORATION, PLC | ) | |
| Plaintiff | ) | |
| | ) | 98-7164-CIV-JORDAN |
| vs. | ) | |
| ANDRX PHARMACEUTICALS, INC | ) | |
| Defendant | ) | |
| | | |
| ELAN CORPORATION, PLC | ) | |
| Plaintiff | ) | |
| | ) | 00-7057-CIV-JORDAN |
| vs. | ) | |
| ANDRX PHARMACEUTICALS, INC | ) | |
| Defendant | ) | |

**ORDER**

Elan's motion in limine to preclude Andrx from introducing testimony at trial from Joseph B. Schwartz, Ph.D., as to the validity or enforceability of the patent-in-suit [D.E. 81] is GRANTED IN PART. In his expert report, Dr. Schwartz does not make any references to the validity or enforceability of the patent, but rather speaks only to the issue of infringement. *See* Motion in Limine at Exh. 1 [D.E. 81] (April 18, 2000). Furthermore, during his deposition, Dr. Schwartz expressly disavowed any opinions at to the enforceability or validity of the patent-in-suit, and stated that he was not expected to testify at trial as to these matters. *See id.* at Exh. 2, pp. 103-105. The fact that Elan asked whether Dr. Schwartz had any opinions as to validity and enforceability does not abrogate the expert disclosure requirements, particularly when Dr. Schwarz expressly disclaimed any opinions as to those matters. Contrary to Andrx's assertions, Elan would be "unfairly surprised" at trial if Dr. Schwartz were permitted to testify as to the validity and enforceability of the patent-in-suit.

Andrx's argument that Dr. Schwartz should be able to testify as to these matters in rebuttal is equally unavailing. Andrx concedes that it produced only one expert report from Dr. Schwartz. *See* Opposition to Motion in Limine at 2 [D.E. 105] (May 12, 2000). However, Local Rule 16.1K

requires that a rebuttal expert's summary or report must "be served no later than 30 days after the expert summary or report is served by the other party." Andrx did not do so. Consequently, Dr. Schwartz is precluded from testifying at trial, either in Andrx's case-in-chief or rebuttal case, as to the validity or enforceability of the patent in suit. *See also* FED. R. CIV. P. 26(a)(2)(C); FED. R. CIV. P. 37(c)(1).

Elan's alternative motion to preclude Mr. Rzucidlo from relying on any scientific advice obtained from Dr. Schwartz regarding the validity or enforceability of the patent-in-suit is DENIED. I understand that Elan has a separate motion in limine pending which pertains to the testimony of Mr. Rzucidlo, and will address those matters in a separate order.

DONE and ORDERED in chambers in Miami, Florida, this 24th day of January, 2001.

Adalberto Jordan
United States District Judge

Copy to:   Liam O'Grady, Esq., James Monroe, Esq., Michael Flibbert, Esq., Walter Brown, Esq. and Jarmes R. Barney, Esq. (fax: 202-408-4400)
Steven Peretz, Esq. and Terri Myers, Esq. (fax: 305-379-3428)
Gerald Houlihan, Esq. (fax: 305-460-4099)
James Costigan, Esq., Alan Clement, Esq. and Martin Endres, Esq. (fax: 212-302-8998)